NEUHOFF BROTHERS PACKERS, INC., Appellant,

v.

Rudolf T. JANEK et ux., Appellees.

No. 4494.

Court of Civil Appeals of Texas.

Waco.

July 7, 1966.

Rehearing Denied July 28, 1966.

Turner, Rodgers, Winn, Scurlock & Terry, Frank J. Scurlock, Dallas, for appellant.

John B. McNamara, Jr., Vernon L. Smith, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Neuhoff from a judgment against it in a nuisance case.

Plaintiffs Janek sued defendant Neuhoff for damages incurred as a result of defendant's operation of a feed lot of 150 acres containing 25,000 cattle. Plaintiffs alleged their farm of 195 acres is located 2½ miles south of defendant's feed lot; and downstream on Whiterock Creek from such feed lot; that by reason of manure, soured grain and other noxious agencies on defendant's property, unpleasant odors came onto plaintiffs' property when the wind was from a northerly direction; that noxious odors were emitted from Whiterock Creek at plaintiffs' property; and that such creek was contaminated at plaintiffs' property. Plaintiffs alleged the foregoing a private temporary nuisance, and prayed for $15,000 damages.

Trial was to a jury which found:

1) The operation and maintenance of the feed lot by defendant is a nuisance to plaintiffs.

2) $2,000 will reasonably compensate plaintiffs for their personal discomfort, annoyance, inconvenience and loss of enjoyment of their property, resulting from such nuisance between October 4, 1963 and October 4, 1965.

The trial court entered judgment on the verdict.

Defendant appeals, contending the trial court erred in not permitting it to rebut, by the testimony of its expert witness Dr. Levin, the evidence of plaintiffs concerning the condition of the water in Whiterock Creek at Highway 22.

Defendant's feed lot is located 2½ miles north of plaintiffs' farmhouse. Neuhoff Creek runs through defendant's property and into Whiterock Creek, which in turn runs through plaintiffs' property. Whiterock Creek passes under Highway 77 above defendant's feed lot, and passes under Highway 22 a mile south of plaintiffs' property. Defendant has a series of catch basins below its feed lot which holds the manure runoff unless there is more than 2 inches of rain in 24 hours, in which event the runoff goes into Neuhoff Creek and on into Whiterock Creek.

The witnesses Janek, McCauley, Toon, Patterson, Flores, Brooks, Mrs. H. McCauley, Mrs. Janek, and Townsend all testified that they smelled offensive fresh manure odor at plaintiffs' property; some of these witnesses testified it was when the wind was out of the north; that it was worse in damp weather; and Mrs. Janek testified the odor came into the house, got into the clothes, and that she could not hang out a washing.

The witnesses Janek, Toon, Patterson, Townsend and Flores testified that Whiterock Creek at plaintiffs' property was dirty and had an offensive odor on occasions.

The witness Clark (defendant's Manager) testified the feed lot had an odor but could not be smelled over 100 feet; that Whiterock Creek was examined by him from Highway 77 to Highway 22 and that it had no odor at any place, and the water was no different at any point.

The witness Townsend, a chemist, testified he examined Whiterock Creek at Highway 77 (above defendant's feed lot), and at Highway 22 (below plaintiffs' property), and that at Highway 22 the water was less clear, and there was a prolific growth of

algae; that he examined the water at Highway 22, and that the water was highly contaminated.

Defendant's witness Dr. Levin, a chemist, took samples of Whiterock Creek water at Highway 77 and at Highway 22. The trial court sustained objection to his testifying to his findings from the sample taken at Highway 22. On voir dire Dr. Levin stated generally that the sample taken at Highway 22 was not highly contaminated, and was no more contaminated than the sample taken upstream at Highway 77. He further testified these samples were taken on July 7, 1965; that at such time it was very dry; that Whiterock Creek did not have very much water in it; that there was "no water coming out of Neuhoff Creek"; there was no runoff from Neuhoff property into Whiterock Creek at this time; and that Neuhoff Creek was "bone dry".

The record reflects Whiterock Creek became contaminated from runoff from defendant's feed lot and catch basins; and this occurred when there was rain of 2 inches or more in 24 hours. Since the weather was dry and Neuhoff Creek was "bone dry" when witness Levin took the samples of water, there could have been no runoff from the feed lot, and the trial court's refusal to permit his testimony that there was no contamination on July 7, 1965 could not constitute reversible error. Moreover, plaintiffs' suit is for odor coming directly from defendant's feed lot; for odor from Whiterock Creek; as well as for contamination of Whiterock Creek. The evidence is abundant that plaintiffs were damaged by odor directly from the feed lot, and by odor from the creek. Defendant has not complained that the judgment is excessive, asserting only that "had Dr. Levin's testimony been heard by the jury it is very possible a verdict would have been rendered for appellant."

Rule 434 Texas Rules of Civil Procedure provides that no judgment shall be reversed on the ground that the trial court has committed an error in the course of the trial "unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause *and probably did cause the rendition of an improper judgment in the case* * * *."

Under the record as a whole, we cannot say the asserted error probably caused the rendition of an improper judgment.

Defendant's point is overruled.

Affirmed.